OLMEDO, PLAINTIFF AND APPELLEE, v. ORTIZ, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Humacao in an Action
for Damages.

No. 2540.—Decided June 15, 1922.

APPEAL—BRIEF.—When the appellant's brief does not contain the brief statement
of the case and assignment of errors required by Rules 42 and 43 of the
Supreme Court, a motion by the appellee for dismissal of the appeal will
be sustained.

The facts are stated in the opinion.

*Messrs. Chas. Hartzell* and *F. Ramírez de Arellano* for
the appellant.

*Mr. A. Aponte, Jr.,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The defendant-appellant, in support of his appeal from a
judgment rendered against him for a certain sum of money
as damages, has filed a brief which contains no statement
of the case as it appears from the record, nor assignment of
errors on which the appeal is based indicating each error
separately, as required by Rules 42 and 43 of this court, but
he has limited himself to criticisms of the testimony of the
witnesses at the trial and to suppositions which are not sup-
ported by the evidence, without citing any statute violated
by the judgment appealed from or pointing out the errors
that the trial court may have committed.

In replying to that brief the appellee called the attention
of this court to the manner in which the appellant's brief was
prepared, but the latter has not corrected it and did not ap-
pear at the hearing on the day set therefor, and on that day
the appellee moved for a dismissal of the appeal for the
reasons stated.

We have held in several cases that on a brief like the one
filed in this case we will dismiss the appeal. In the case of

*Heirs of Suro* v. *Heirs of Prado et al.,* 29 P. R. R. 337, we held as follows (syllabus):

"A brief containing the pleadings and the opinion of the trial court and wherein it is attempted to discuss alleged errors without making a brief statement of the facts and a clear assignment of such errors, does not comply with Rules 42 and 43 of the Supreme Court and the appeal will be dismissed."

In the case of *Mazarredo et al.* v. *Ramírez et al.,* 29 P. R. R. 740, that—

"An assignment of errors is in the nature of a pleading and in the court of last resort it takes the place of a complaint in the court of original jurisdiction. The object of an assignment of errors is to point out the specific errors alleged to have been committed by the lower court in order to direct the attention of the reviewing court and counsel for the adverse party to the points on which counsel for the appellant intend to rely for a reversal of the judgment and to limit the argument to those points."

In the case of *Goble & Jiménez* v. *Truyol & Company,* 27 P. R. R. 363, that—

"When the brief of the appellant does not contain a statement of the case as it appears in the record, nor an assignment of errors upon which his appeal is based, the appeal will be dismissed."

And in the case of *Díaz et al.* v. *Cividanes,* 29 P. R. R. 541, 545, it was said in the opinion that—

"A brief is supposed to be the vehicle of counsel to convey to the court the essential facts of his client's case, a statement of the questions of law involved, the law he would have applied, and the application he desires made of it by the court. When the brief is presented to an appellate court it should point out to that court which of the many objections and exceptions usually found in the transcript it is the wish of the appellant to have the court review. It must be assumed for this purpose that the knowledge of the court does not include the facts of the particular case, or the special errors of the trial court which appellant relies upon to overturn the judgment or order. * * * *.

"The words 'which shall contain a true and concise statement of

the case as it appears in the record' have a definite meaning, a result of the experience of courts for a very long time. Essentially, the words mean that is should be unnecessary for the court to go to the record to determine what are the essential facts, but only for the purpose of verifying them or to ascertain disputed points. The appellant is bound to make the outline of his case appear in his brief, so that the court may know from it the disputed questions involved."

Therefore, in accordance with Rule 60 of this court, the appeal should be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.